Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-78-HRW

WILLIAM J.R. EMBREY                                                                                 PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, *Warden*                                                                          RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

William J.R. Embrey is confined in the Federal Correctional Institution located in Ashland, Kentucky. Embrey has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and has paid the District Court filing fee of $5.00 [ [Record No. 2].

This matter is now ready for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A district court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines that it fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS ASSERTED IN THE § 2241 PETITION

Petitioner Embrey challenges the legality of his federal conviction for being a felon in

possession of a firearm. Embrey argues that he possessed a constitutional right to possess a firearm for legal purposes, and that his conviction for being a possession of a firearm violates the Due Process Clause of Fifth Amendment of the United States Constitution and the Second Amendment of the United States Constitution, which permits the bearing of arms.

For the reasons set forth below, Embrey has not established a valid due process claim under the Fifth Amendment of the United States Constitution. The § 2241 petition will be denied with prejudice.

## LITIGATION HISTORY
### 1. Embrey's Criminal Conviction and Appeal

Petitioner Embrey provides little information relative to his criminal conviction. He states that on "May 8, 2008, Warden Cauley, by force, imprisoned petitioner in the federal prison at Ashland." [Record No 2, p.2].

The Court has reviewed the Public Access to Electronic Records ("PACER") website, which reveals that on May 1, 2000, Embrey pleaded guilty in the United States District Court for the Western District of Missouri (Springfield) to being a felon-in possession of a firearm in violation of Title 18 U.S.C. § 922(g). *See United States of America v. William J. R. Embrey*, 6:98-CR003095 (Hon. Ortrie D. Smith, presiding) ("the Trial Court").[1] Embrey was sentenced to a term of 262 months, plus a five- year term of supervised release [See Trial Court Docket, Record No. 156].

---

[1] Prior to sentencing, Embrey attempted to set aside his guilty plea, but the Trial Court would not permit him to do so.

Embrey appealed, arguing that he should have been permitted to withdraw his guilty plea and the felon in possession statute under which he was convicted (18 U.S.C. § 922(g)) was unconstitutional. On May 22, 2001, the Eighth Circuit affirmed the conviction and sentence, finding that the Trial Court did not abuse its discretion in determining that Embrey had failed to establish a fair and just reason for allowing him to withdraw guilty plea. *See United States v. Embrey*, 250 F.3d 1181 (8th Cir. 2001) *Id*. at 1183.

The appellate court also rejected Embrey's argument that the felon in possession statute was unconstitutional, explaining that the claim "is foreclosed by *United States v. Larry*, 126 F.3d 1077, 1078 (8th Cir.1997) (finding Section 922(g) a valid exercise of Congress' power to regulate commerce) (per curiam)." *Embrey*, 250 F.3d at 1184.

## 2. Prior Petitions Filed under 28 U.S.C. § 2241

The docket sheet from the Trial Court reveals that Embrey then unsuccessfully challenged the constitutionality of his conviction by way of a motion under 28 U.S.C. § 2255, to vacate his sentence. Thereafter, Embrey filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the United States District Court for the Eastern District of Texas, Civil Action No 1:02-CV-844, challenging his conviction on the grounds that § 922(g) was unconstitutional under authority of *United States v. Emerson*, 270 F.3d 203 (5th Cir.2001).

The district court rejected that argument and dismissed the § 2241 petition. The Fifth Circuit Court of Appeals affirmed, stating as follows:

> Although Embrey could proceed under 28 U.S.C. § 2241 if he demonstrated that 28 U.S.C. § 2255 relief was "inadequate or ineffective" under the latter statute's "savings clause," he has failed to make such a showing. *See Reyes-Requena v.*

3

>*United States*, 243 F.3d 893, 904 (5th Cir.2001). Accordingly, the judgment of the district court is **AFFIRMED**.

*See Embrey v. Morrison*, No. 03-40771, 2003 U.S. App., 82 Fed. Appx., 394 (5th Cir. (Tex) December 9, 2003)(Not selected for publication in the Federal Reporter).

Undeterred, after he was transferred to a federal prison in Wisconsin, Embrey filed yet another 28 U.S.C. § 2241 petition for a writ of habeas corpus in the United States District Court for the Western District of Wisconsin. In *William J.R. Embrey v. R. Martinez*, Civil Action No. 3:06-CV-00698 (Hon. Barbara Crabb, presiding), Embrey again asserted that his conviction had been obtained in the absence of jurisdiction because the offense occurred "entirely within and under the jurisdiction and sovereignty of the State of Missouri."

In addition, Embrey argued that his conviction for being a felon in possession of a firearm was illegal under the Second Amendment, which grants him the inalienable right to possess a legal firearm. The Wisconsin District Court dismissed the § 2241 petition on the grounds that Embrey had failed to demonstrate that his remedy in the Trial Court, under 28 U.S.C. § 2255, had been inadequate or ineffective to test the legality of his detention.

Citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998), the Wisconsin district court stated that Embrey "cannot proceed under § 2241 in this court simply because he did not prevail on the § 2255 motion he filed in the court that imposed his sentence. *Id*. at 609-10. The fact that he lost his § 2255 motion does not mean that the motion was not an adequate or effective means of testing the legality of his detention." *See Embrey v. Martinez*, 2006 WL 3626339 at *1.

The Wisconsin District Court then discussed Embrey's documented pattern of filing repetitive and frivolous §2241 petitions all over the country, apparently in hopes of finding a

4

federal judge who might be convinced that he had been improperly charged with and convicted of being a felon-in-possession of a firearm. The excerpt below, while lengthy, carefully and comprehensively recounts Embrey's vexatious litigation history as to this particular issue:

> One further matter warrants discussion. The U.S. Party/Case Index reveals that petitioner Embrey has filed 79 actions in the United States District Courts. Four of those actions were filed in the Western District of Wisconsin court and assigned to Judge Shabaz. At least one of those actions challenged the validity of petitioner's sentence for felon in possession of a firearm. *Embrey v. U.S. Parole Comm'n*, 06-C-29-S. In that case, Judge Shabaz told petitioner in an order dated March 9, 2006 that he could not hear his challenge to his conviction and sentence because the matter had to be raised in a § 2255 motion in the court that sentenced him. *In Embrey v. Johnson*, Case. No. 01-3515-CV-S-SOW-P, (slip op. Nov. 2, 2001), the United States District Court for the Western District of Missouri counted no fewer than eight instances in which petitioner had filed abusive § 2255 litigation. In *Embrey v. Hershberger*, 131 F.3d 739, 740 (8th Cir.1997), the court of appeals noted that with respect to challenges petitioner was raising pertaining to another of his convictions, the court had "several times previously dismissed [Embrey's] petitions as successive." Most recently, petitioner attempted to bring a successive § 2255 motion disguised as a § 2241 action in the District Court for the District of Columbia. *See Embrey v. Bush*, 2006 WL 2466809 (D.D.C. August 24, 2006). In that case, the court noted that petitioner's "mandamus action" was in fact a § 2255 motion challenging his conviction and sentence for possession of a firearm, that petitioner had filed a § 2255 motion in the District Court for the Western District of Missouri challenging that conviction and sentence, that his motion had been denied on March 5, 2006 and that petitioner's appeal from that denial had been dismissed as untimely filed in the court of appeals. The court noted also that on June 9, 2004, petitioner had filed a second § 2255 motion in the Western District of Missouri, which was denied because it was successive and that, subsequently, on October 18, 2004, the Court of Appeals for the Eighth Circuit had denied petitioner's petition for authorization to file a successive motion. The District Court for the District of Columbia concluded that it lacked jurisdiction over petitioner's action and transferred the case to the Court of Appeals for the Eighth Circuit for a new decision on allowing a successive § 2255 motion. The Eighth Circuit's website does not provide case information detailing the status of the case following transfer. Nevertheless, it appears clear that petitioner is determined not to take "no" for an answer. . . .
>
> Petitioner Embrey may not agree with the several courts who have declined to find his current confinement unlawful, but his recourse is not to submit his

5

>arguments to as many courts across the country as he can as fast as he can. **Both judges in this district have now determined that petitioner's purported § 2241 petition challenging his conviction for possession of a firearm is nothing more than a § 2255 motion improperly titled, filed in the wrong court and filed in any event without the permission of the Court of Appeals for the Eighth Circuit. It would be a disservice to the other litigants in this district to allow petitioner to usurp the attention their cases deserve**. Accordingly, the clerk of court will be directed to forward to chambers for review any future habeas corpus actions petitioner submits to this court. Such lawsuits will be deemed rejected, without the need for judicial action, on the 30th day following receipt, unless the court orders otherwise.

*See Embrey*, 2006 WL 3626339 at *2 (Emphasis Added).

### 3. Current § 2241 Petition

As Embrey is now confined in the Eastern district of Kentucky, he now challenges his Trial Court conviction and the sentence in this Court. The grounds which Embrey asserts are the same grounds which he unsuccessfully asserted in his previous efforts to obtain relief under § 2241: that the felon in possession statute under which he was convicted, 18 U.S.C. § 922(g), violates the Second and Fifth Amendments of the United States Constitution.

### DISCUSSION
### 1. Legal Requirements under 28 U.S.C. § 2241

As Petitioner Embrey well knows, he is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the Trial Court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment was inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*. Section 2241 is not a

6

"catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758 ; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

## 2. Law Applied to Facts

The Court will dismiss the instant § 2241 petition for the same reason as the United States District Court for the Western District of Wisconsin dismissed his prior § 2241 petition in *Embrey v. Martinez*, Civil Action No. 3:06-CV-00698.

First, on direct appeal, the Eighth Circuit Court of Appeals squarely rejected Petitioner Embrey's challenge to the legality of 18 U.S.C. § 922(g). Second, as explained by th District Court for the Western District of Wisconsin, the fact that the Trial Court rejected this same claim on March 5, 2006, via a § 2255 motion, does not render extraordinary relief available under 28 U.S.C. § 2241. Therefore, the Court concludes that Embrey has not demonstrated that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to test his detention.

Petitioner Embrey has failed to demonstrate that he is actually innocent under a new interpretation of an applicable criminal statute or that he has not had opportunities to make these challenges before or that his remedy by Section 2255 is inadequate or ineffective for any reason. The instant § 2241 petition will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that

(1) Petitioner William J.R. Embrey's Petition for Writ of Habeas Corpus [Record No. 2] is **DENIED**.

(2) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This October 27, 2009.

Signed By:
Henry R Wilhoit Jr.
United States District Judge